PHILIP B. POPE *v.* CLAIBORNE BOWMAN, Administrator, &c.

Where A. executed a note payable to the order of B. & Co., at the Commercial Bank of M., which was indorsed by the payees to C., who indorsed it to the bank, and suit was brought on the note by the bank against all these parties, but pending the suit B. & Co. having died, the suit was abated as to them;

Pope *v.* Bowman.

judgment was rendered on the 5th of June, 1848, against the makers and C., who was compelled to pay the judgment; and C. instituted suit on the 5th of June, 1851, against the administrator of B. & Co., to recover the amount of the judgment he had paid, and the administrator relied upon the statute of limitations as a defence:— *Held*, that C. had no claim against the estate of B. & Co. until he had paid the money, and the statute of limitations is no bar to the action.

The twelfth section of the act of limitations of 1846 (Hutch. Code, 831) applies only to cases in which the cause of action existed against the testator or intestate.

In error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

The opinion contains the facts of the case.

*Geo. B. Wilkinson* for appellant.

The only question raised by the record in this cause, is, whether the court erred in overruling the demurrer of plaintiff to the fourth answer of the defendant.

The defendant in error relies in support of his answer on the first clause of twelfth section of the act of limitations of 1844, Hutch. Code, p. 831, which provides "that no action or suit, &c., shall be brought upon any judgment or other cause of action after the expiration of four years," &c.

The question therefore presents itself, When did the plaintiff's cause of action accrue? Not until within four years next before the institution of this suit. The suit was first instituted in Holmes circuit court, and judgment recovered on the 5th day of June, 1848. This judgment was paid by plaintiff, (who upon the payment, and not before, had a cause of action against defendant,) which cause of action he proceeded to enforce by suit at law on the 25th day of April, 1851, within four years after the cause of action accrued. The court is referred to *Johnson* v. *Planters Bank*, 4 S. & M. 165, and authorities there cited.

*Gibbs* and *Bowman* for appellee.

It is contended by plaintiff's counsel, that the four year act, Hutch. 831, is simply a statute of limitations, and the time must be computed from the payment by plaintiff as the time at which the action accrued. We contend the statute is a full

Pope *v.* Bowman.

and complete defence, without any reference to the attitude the creditor occupies at the time of grant of letters. The policy of the law is, that there shall be an end of litigation, that there should be a time at which administrators could with safety make a final and complete settlement of an estate, and the rights of distributees and creditors be definitely settled. The language of the statute is as appropriate for effecting that object as it could well be. It says, "no action, &c. shall be brought," &c., and the claims shall be "deemed to have been paid and discharged." The language used in mere statutes of limitation seems to have been studiously avoided. The Tennessee statute of limitations in favor of administrators (the construction of which, in a case reported in 9 Yerger, will doubtless be cited by opposing counsel) uses the word "creditors," saying all "creditors shall be barred," &c., all the statutes under which indorsers have been let in under constructive exception, have used terms implying that the statute will begin to run from the time "cause of action" shall accrue. Our own statutes of limitation, every one of them, (see § 4, 6, 7, 9, and 10, Hutch. 830,) which are in the same act and immediately precede the four year clause, all use the terms "from time cause of action accrued," &c.; this of itself is conclusive evidence that the legislature intended the tenth section as something more than an ordinary statute of limitation. They specify in express terms when the statute shall begin to run, not from "cause of action accrued," but "from the qualification of such executor," &c.

This cannot operate as any hardship upon indorsers; they have ample means of protection in their own hands. Plaintiff, by payment, (Hutch. 556,) could obtain an assignment with the rights and remedies of the holder; or, as this court has said in a similar case, *Herring* v. *Willons*, 5 S. & M.: "The duty of petitioner was plain enough. He should have paid the claim and presented it himself," &c.; and in *Johnson* v. *Planters Bank*, 4 S. & M: "If they fail to do so they are in fault, and should not throw the consequence of their negligence" upon others.

*Yerger* and *Rucks*, on the same side,
Cited *Johnson* v. *Planters Bank*, 4 S. & M. 165; 9 Yerger,

Pope *v.* Bowman.

57; 10 Ib. 521; Hutch. Code, 831; *Benjamin* v. *Robinson*, Trustee, &c., Opinion Book, 561.

Mr. Chief Justice SMITH delivered the opinion of the court.

The only question in this case is, whether the claim sued for in the circuit court was barred by the provisions of the twelfth section of the statute of 1844, (Hutch. 831).

The facts of the case were as follow: A note was made by J. A. and D. C. Thomas, payable to the order of N. & E. O'Reiley & Co., at the Commercial Bank of Manchester, and indorsed by the payees to P. B. Pope, who indorsed it to the bank. After its maturity suit was brought on the note against all of these parties by the bank. Pending the suit the O'Reileys died, and the suit was abated as to them. Judgment afterwards, on the 5th of June, 1848, was rendered against the makers and Pope, who was the last indorser. Pope was compelled to pay the judgment, and instituted this suit in the Yazoo circuit court to recover from O'Reiley's administrator the amount thus paid. That suit was commenced on the 15th of June, 1851. The defendant relied, in his answer to plaintiff's petition, on the statute above referred to. The plaintiff demurred, and his demurrer was overruled; and the plaintiff, having declined to plead further, judgment final was entered against him on the demurrer.

It is very manifest, that until Pope paid the judgment he had no claim whatever against O'Reiley or his estate. Until that was done no right of action had accrued in his behalf. He certainly had none until the judgment was rendered against him. But O'Reiley had died before that was done. Pope's demand for the money so paid cannot therefore be said to be "a judgment or other cause of action" against the defendant's intestate. It was settled by this court, upon mature deliberation, in the case of *Bingaman & Staunton* v. *Robinson, Trustee, &c.*, (not reported,) that the first clause of the twelfth section of the statute above referred to, applies only to cases in which the cause of action existed against the testator or intestate. Hence the statute was no bar to the action in this case.

Let the judgment be reversed, and judgment of *respondeat ouster* be entered in the circuit court.