'ALFRED F. OLIVER v. ESTHER D. SMITH ET AL.

[49 South. 1.]

1. ESTATES OF DECEDENTS. *Executors and administrators.   Final accounts.   Unpaid creditor.   Effect of order for distribution.   Administrator himself a creditor.*

The presentation of an account, in form a final one, by an administrator and a decree of the court approving the same and ordering a distribution of the assets to the heirs of the decedent does not affect the rights of an unpaid creditor whose debt had been probated; as to such debt the estate remains unadministered, although the creditor was himself the administrator.

2. SAME. *Limitations of actions.   Probated claim due administrator.*

The statute of limitations do not run against a probated debt due to the administrator from the estate of his intestate.

FROM the chancery court of, second district, Panola county. HON. ISAAC T. BLOUNT, Chancellor.

Oliver, appellant, was complainant in the court below; Mrs. Smith and others, appellees, were defendants there. From a decree adverse to complainant, dismissing the bill, he appealed to the supreme court.

The opinion of the court sufficiently states the facts. The appellees, defendants below, were distributees, of the estate of J. B. Wynne, deceased, of which the appellant had been appointed and served as administrator.

*L. E. Rainwater,* for appellant.

The law appropriates the estate of a deceased debtor to the payment of expense of administration and to settlement of probated debts, before any distribution of the estate can be made among the heirs; and the administrator of the estate cannot be discharged so long as there are funds of the estate in his hands, and valid and subsisting claims unpaid. *Pollock v. Buie,* 43 Miss. 140; *Barr v. Sullivan,* 75 Miss. 536, 25 South. 772.

The administrator takes the estate of his intestate in trust primarily for the benefit of creditors of the estate; and no estate can be said to be fully administered while there yet remain debts of the estate for the payment and satisfaction of which the estate is liable. In *Pollock v. Buie, supra,* our court said, "the decree for distribution upon the final settlement in this case was evidently founded on the presumption that all existing debts against the estate had been fully satisfied." The rights of the distributees of the estate as regards its distribution are merely contingent until the probated debts have been paid. Distribution of the estate cannot be made among the heirs by the legal representative of the decedent until the valid probated debts have been settled.

It is true that the administrator stated in his petition accompanying his final account that he had fully administered the estate; but the petition does not recite that the debts have been paid, nor does the decree on the final account so state.

Brief for appellees.

Oliver, as an individual creditor of the estate of J. B. Wynne, deceased, stands in the same relation to the administrator of the estate as any other creditor would stand, with the exception that, as he is also administrator, he, as creditor, could not sue himself as administrator; and his only remedy as a creditor lies in a court of equity. As a creditor Oliver could not appeal from the decree on final account because he, as a creditor, was not a party thereto. 17 Am. & Eng. Ency. Law (1st ed.) 497, 499, note 1.

Was Oliver as creditor, barred by the four-year statute of limitation? The answer is in the negative for two reasons: 1st, it is alleged in the bill, and not denied in the answer that his claim against the estate was not due and payable until several months after the death of Wynne, the intestate; 2nd, a debt due by the estate of a decedent to the individual who qualifies and acts as administrator of the estate will not be affected by any statute of limitation during the time in which the individual is performing such trust. Since the individual cannot sue himself as administrator, the statute of limitation will not run against him. *Buckingham v. Walker,* 48 Miss. 609; *Sims v. Sims,* 30 Miss. 333.

*P. H. Lowrey,* for appellees.

The account of the appellees allege that with his final account the administrator had filed a petition for discharge in which he had specifically stated that the estate was fully administered. His petition accordingly meant that all debts which were legally due by the estate had been paid. The answer further sets up the indisputable fact that the administrator, by his own showing, has held the funds of the estate without returning inventory or having appraisement made, and without rendering any account, for eight years; and that he now comes into court of equity to demand that his probated claim against the estate be paid in full insofar as the funds in his hands as administrator will suffice. To allow his claim would be in gross violation of the well-established maxim that "no man

can take advantage of his own wrong." To allow an administrator to neglect every duty incumbent upon him, and to allow him practically to appropriate the whole estate to his own interests because he has so long neglected his duty, is unthinkable.

Under the circumstances the appellant's claim is barred by the long lapse of time. The bill recites that a list of the probated claims is filed as an exhibit thereto, and this list shows that all the claims were probated as early as December, 1898, over eight years prior to the filing of this bill. Code 1906, § 3105, provides that "action may not be brought against the administrator upon any judgment or other cause of action against the intestate, but within four years after the qualification of such executor or administrator." While this court has held in *Sims v. Sims,* 30 Miss. 333, that an administrator may retain sufficient funds of the estate for his own probated claim and take credit therefor in his final settlement after the expiration of four years, yet, this does not mean that he may after the expiration of four years bring a suit to enforce this claim. See *Trimble v. Farriss,* 78 Ala. 260.

FLETCHER, J., delivered the opinion of the court.

This suit was instituted by appellant in his capacity as creditor in order to collect a probated debt. It was shown that this creditor was the administrator and had filed his final account. Upon the hearing of this final account, the existence of unpaid probated claims seems to have been overlooked, and distribution was directed to be made among the heirs without first paying the debts of the estate. Creditors were not parties to this proceeding, and, of course, their right to payment cannot be affected by the decree directing distribution. As to such creditors the estate remains unadministered. *Pollock v. Buie,* 43 Miss. 140.

We do not think this rule is here inapplicable because the creditor is himself the administrator. Certainly the final account and the petition for its allowance were filed by appellant

in his representative capacity, and a decree directing distribution, in which the debts were inadvertently overlooked, cannot be held to be final and conclusive as to appellant in his capacity as creditor, especially where it is shown that there had been no adjudication by the court as to outstanding debts. In such a case his rights are the same as those of any other creditor.

That the statute of limitations does not bar the claim of the administrator against the estate for an individual debt duly probated and not barred at the time of his appointment is well settled. *Sims v. Sims,* 30 Miss. 333.

The action of the chancery court in *dismissing* the bill was error.                                          *Reversed and remanded.*