ALBERT O. HARDENSTEIN v. EDGAR L. BRIEN, ADMINISTRA-
TOR, ETC.

[50 South. 979.]

1. EVIDENCE. *Private books of accounts. Admissibility. Physician's*
   *memoranda of visits to patient. Special contract.*

   Where a physician when first making his visiting list, had no in-
   tention of charging a patient for visits, and the entries were not
   made to evidence charges, but subsequently a contract to pay the
   physician a specified sum for his services was made between him
   and the patient, the list was competent to show the number and
   dates of the visits.

2. EXECUTORS AND ADMINISTRATORS. *Medical services. Testator's last*
   *illness. Limitation of actions. Code 1906, §§ 2096a, 2110, 3105.*

   A suit by a physician for services rendered a testator in his last
   illness is not barred by the statutes of limitation applicable to
   the case construed as a whole, until after four years and six
   months from the grant of letters testamentary, since Code 1906,
   § 2096a, prohibits suits against an executor until after the ex-
   piration of six months from the grant of letters, and Code 1906,
   § 2110, provides that the probation of a claim shall stop the run-
   ning of the general statute of limitations, and Code 1906, § 3105,
   provides that an action may not be brought against an executor
   on a cause of action against the testator but within four years
   after his qualification.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Hardenstein, appellant, a physician, was plaintiff in the court
below; Brien, administrator c. t. a. of the estate of Mrs. Eliza-
beth A. Harper, deceased, appellee, was defendant there. From
a judgment, predicated of a peremptory instruction, in favor
of the defendant the plaintiff appealed to the supreme court.

The plaintiff, having for several years attended Mrs. Harper
as her physician, without compensation, was requested by her in

the presence of witnesses, in her last sickness, to accept payment for his services. He at first declined to receive compensation because she was the widow of a physician, his refusal being based on a custom of his profession to make no charge for services in such a case. She however insisted, and he finally stated to her that he would accept five hundred dollars, one half of what she had desired him to charge her. She died shortly afterwards, leaving a will which was duly probated, the executor qualifying September 9, 1904, and gave notice promptly to creditors to probate their claims against the estate. The plaintiff duly probated his claim for $500, and demanded payment of the executor, who declined to pay the same. The executor subsequently resigned and was succeeded by Brien, the defendant, who qualified as administrator *cum testamento annexo*. On March 5, 1909, more than four years but less than four years and six months after the executor had qualified, the plaintiff instituted this suit. To the plaintiff's declaration was appended a copy of his probated claim (the original had been lost), showing sundry charges of $2.50 each for medical visits, the first visit being dated November 8, 1903, and the last August 23, 1904. With other evidence plaintiff on the trial offered his visiting list, which had been used habitually by him throughout the period of time covered by his probated account, and also his books of account, to verify his demand. This visiting list showed a record of his medical visits to Mrs. Harper but no charges against her therefor. By proof of another physician it was shown in behalf of plaintiff that the sums tabulated in the probated claim, $2.50 for each visit, were customary and reasonable.

At the close of the evidence, the defendant made the following motion:

"The defendant moves the court to exclude the visiting book and other books, except cashbook, offered in evidence by plaintiff, on the ground that, as is shown by plaintiff's own testi-

mony the books in question do not contain any charge against the decedent or her estate; and the testimony of the plaintiff himself shows that there were no charges made against the decedent until after her death, and no charges were contemplated to be made by him until a very short time before her death, and therefore the charges as made were not contemporaneous with the memoranda made in the books heretofore admitted in evidence. The defendant further moves to strike out all of plaintiff's testimony regarding the correctness of the books kept, and all of that part of the testimony relating to the books, or charges made therein, or memoranda contained therein, regarding any charge made against defendant, except in so far as the testimony undertakes to identify the book or books. · The defendant moves to exclude all the testimony of plaintiff, and asks for a peremptory instruction to find for defendant, on the ground that the account sued on is an open account, and began to run before decedent's death, and was barred in three years and six months from the last item on said account. Defendant further moves to exclude all of the testimony in support of all items of the account that appear to be more than three years and six months old. The defendant further moves to exclude all of those items of the accounts that appear to be more than four years and six months old, and, further, because the basis of the account herein sued on is a gift, and does not sound in contract." This motion was sustained, and a peremptory instruction granted for defendant.

The code sections referred to in the opinion of the court are as follows:

"§ 2096a. A suit or action shall not be brought against an executor or administrator until after the expiration of six months from the date of letters testamentary or of administration."

"§ 2110. The presentation of a claim, and having it probated and registered as required by law, shall stop the running of the

general statute of limitations as to such claim, whether the estate be solvent or insolvent."

"§ 3105. An action or *scire facias* may not be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate, but within four years after the qualification of such executor or administrator."

*Brunini & Hirsch,* for appellant.

The appellant's claim was made from his visiting list containing entries of the visits which he had made to Mrs. Harper, his patient. The claim was duly probated. It was Mrs. Harper's express desire that appellant should be paid, not a gift, but a remuneration for his services as her physician, especially for the services rendered in her last illness. The testimony of Mrs. Jane Searles and of Miss Penelope Hanney indisputably establishes the claim of appellant, in so far as Mrs. Harper's intent and her making of a contract, are concerned. The reasonableness of the charges made by appellant was duly shown by the testimony of another reputable physician.

The visiting list of appellant was clearly admissible in evidence. *Bookout v. Shannon,* 59 Miss. 378.

This suit was instituted within four years and six months after the qualification of the executor. The exact time after such qualification was four years, five months and twenty-six days, the executor qualifying on September 9, 1904, and suit was instituted on March 5, 1909.

The learned court below took the position that *Boyd v. Lowery,* 53 Miss. 352, indicated that a suit of this nature should be brought within four years after the executor's qualification, and that appellant was barred by Code 1906, § 3105, since he had let the four years mentioned therein pass without beginning action. This was erroneous, since no consideration

was given to Code 1906, § 2096*a*, adding six months more to the period.

*McLaurin, Armistead & Brien,* for appellee.

The court below was correct in granting peremptory instruction for appellee, first, because the only evidence offered to sustain the account sued on was the "visiting list" and it was properly excluded for the reason that the appellant's own testimony showed that it was not a book of charges. He testified that he made memoranda of all visits for a record to rely on in case he should testify in court. And in answer to the direct question if it was true that he did make a record in the visiting list of the vsits he made, whether he intended to make any charge or not, he answered "yes sir, I keep it in this visiting list if I am going back there at all." He further testified that the accounts he expected to collect he had his bookkeeper transfer from the visiting list to the ledger, and it was the duty of the bookkeeper to make out the bills and give them to the collector. He also testified that out of a list of eight or ten or possibly fifteen names appearing in a week on his visiting list, maybe three out of the five would be pay patients, the others are for reference. Before such a book can be admitted in evidence it must be shown to be a regular book of accounts, and the entries must purport to have been made with a view to charge the opposite party. *Moody v. Roberts,* 41 Miss. 74; *Shannon v. Bookout,* 59 Miss. 383; therefore the visiting list was incompetent so far as Mrs. Harper was concerned. In addition to the authorities cited *supra,* see *Cooper v. Morrell,* 4 Yates, 341; *Cummings v. Nichols,* 38 N. H. 381.

From the foregoing it is clearly apparent that the visiting list was not competent evidence to prove a charge against the decedent's estate, and it could be introduced for only this one purpose, and inasmuch as it failed to establish a charge, it was not entitled to go before the jury. The appellant's own testi-

mony does away with the idea that any charge could be inferred from the visiting list, and with the list out of the case there is nothing to support the appellant's contention.

Mrs. Harper evidently intended to make appellant a gift. Appellant would not agree to accept until she proposed to "give" him something. Different witnesses testified that they considered Mrs. Harper's action in the light of an intended donation. Therefore the peremptory instruction was proper. There was no contract between appellant and Mrs. Harper at the time when appellant's services were being rendered. The history of the relations between them excludes any such idea.

There was never any legal obligation on Mrs. Harper. She intended appellant to have a sum certain as a gift. Appellant is now simply attempting to collect his gift by undertaking to treat it as the consideration of a contract. *Allen v. Bryson* (Iowa), 56 Am. Rep. 359.

Code 1906, § 3105, fixes the time within which suits may be brought against an administrator. It embraces the six months when an administrator can not be sued. This time cannot be waived by the administrator, nor can it be extended in so far as the estate is concerned. The intent of the statute law is to limit the time within which any suit may be brought against any estate. The limit of time is four years, no matter what intervenes, unless the creditor be under some legal disability. And this period of four years begins with the qualification of the administrator.


WHITFIELD, C. J., delivered the opinion of the court.

The effort to show that the amount Mrs. Harper agreed to pay Dr. Hardenstein for services to her in her last illness, to wit, the sum of $500 was a gift merely, under the testimony, is preposterous. The testimony of Mrs Searles and the testimony of Miss Hanney disposes of this contention completely. Mrs. Searles states that Mrs. Harper said, touching this sub-

ject: "I have paid him nothing for this [that is, services for about sixteen to eighteen years previously] ; but in this last illness, which has run over so many months, he has come to see me so often by day and night, any hour in the night he was sent for, that he must be paid for this. I feel the obligation is too great to be passed over, and I feel I must pay him for this." Miss Hanney testifies on the same subject as follows : "A. Well, one day she said to him, just about a few days after she made her will, that she wanted to pay him something for his services, as he had been good and kind to her, and she said to him, 'Make out a bill for me, Doctor,' and he said, 'Oh, no, Mrs. Harper ; I cannot make out a bill ; I don't want to, because you are the widow of a physician, and I won't think of doing such a thing,' and she referred to it again, and said, 'Have you made out that bill ?' and he said, 'No ; I have not made out any bill,' and she said, 'I want the thing settled right now ; have you made out any bill ?' and he said, 'No ; I told you I was not going to make out any bill,' and she said, 'I want to give you something ; will a thousand dollars do ?' and he said, 'I would not think of asking that much,' and she said, 'How will $500 do ?' and he said, 'All right, I will take that.' " This constituted a distinct contract, supported by a valuable consideration, to wit, the services in the last illness.

Dr. Howard testified that the customary and reasonable charge for a visit of a doctor in Vicksburg was $2.50. The visiting list of Dr. Hardenstein contains no amount, but sets out the dates of his visits, and the number of them. It is true that, when Dr. Hardenstein first made this "visiting list," he had no intention of charging Mrs. Harper anything, and the entries in that list were not, at that time, made with a view of charging her. But, from the moment he made the contract with her to accept $500 for all his services during her last illness, he of course relied upon these entries from that time forward as showing the dates of the visits and number of them,

and the list was competent for that purpose from and after the making of the contract. He should have been permitted to recover on the testimony in this case to the extent of the contract, to wit, $500.

It seems that the court below gave the charge to find for the defendant upon the theory that the claim is barred by the statute of limitations. The simple reading of Code 1906, §§ 2110, 2096*a,* and 3105 makes it clear that the claim would not have been barred until after the expiration of four years and six months.

The court was manifestly in error in giving a peremptory instruction.        *Reversed and remanded.*