Rogers *v.* Rosenstock et al.

[77 Soutn. 958, Division B.]

1. Executors and Administrators. *Claims against estate. Limitations.*
Section 3105, Code 1906 (Hemingway's Code, section 2469), providing that actions may not be brought against an executor or

administrator, but within four years after the qualification of such executor or administrator, has been construed by the supreme court in connection with section 2096, Code 1906, prohibiting the filing of a suit against the executor or administrator until after six months from his appointment, as giving four years and six months within which an executor or administrator can be sued.

2. SAME.

Under section 2107, Code 1906, so providing all claims against the estate of a decedent must be registered within one year or they are forever barred, and "a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator." If this section is complied with, then under section 2110, the presentation of the claim and having it probated and registered stops "the running of the general statute of limitations as to such claim whether the estate be solvent or insolvent."

3. SAME.

Section 3105, is clear and unambiguous, and under the strict language of this section the owner of a probated claim which accrued before the death of the decedent, must insist upon satisfaction or bring his action against the executor or administrator within four years and six months from the date of letters, testamentary or administration, or his rights will be barred by limitation, but this section has no application to causes of action which accrued after the death of the decedent.

4. EXECUTORS AND ADMINISTRATORS. *Presenting claims. Itemizing.*

Where one who bought up claims against a decedent's estate in probating them did not itemize them, but listed each by stating the amount and name of the original creditor to whom it was due, this was not a sufficient compliance with the statute.

5. CLAIMS AGAINST ESTATES. *Limitations. Insolvent estate.*

While under section 2120, Code 1906, so providing a suit may not be brought against the executor after the estate has been declared insolvent, yet in lieu of a proceeding at law to recover a judgment, the creditors under the insolvency proceedings are required to present afresh their several demands and have their claim adjudicated by the chancery court. By statute then, the chancery court is not only given authority but it becomes the duty of the court to adjudicate the claims of creditors and to this end to dispose of any objections or contest. In such proceeding creditors and the executor or administrators can file objections to the several claims and in the hearing of these objections and adjudicating the several claims both creditors and representatives of the estate have their day in court.

117 Miss.—10.

6. SAME.

    In this proceeding before the chancellor when he finally adjudicates the claim of each creditor of an estate which has been duly declared insolvent, the creditors or the executor or administrator of the estate may invoke section 3105, Code 1906, providing a four-year statute of limitation, so as to defeat a creditor's claim against the estate, especially in view of section 3115, Code 1906 (Hemingway's Code, section 2479), which declares that when the remedy is barred, the right also is barred.

APPEAL from the chancery court of Sharkey county. HON. E. N. THOMAS, Chancellor.

In the administration of the estate of Bernard Sinai, deceased, a decree was entered allowing certain creditors' claims and disallowing the claim of M. H. Rogers. From the decree allowing these claims, Morris, Rosenstock, executor and others appeal, and from the decree disallowing his claim, M. H. Rogers appeals.

The facts are fully stated in the opinion of the court.

*Clements & Wright* and *R. B. Anderson,* for appellant, and cross-appellee.

*Hirsh, Dent & Landau,* for appellee and cross-appellant.

*Morris Rosenstock* and *T. C. Catchings,* for appellee, Wright Bros., Hardware Co.

*Brunini, Hirsch & Griffith,* for all other appellees and cross-appellants.

STEVENS, J., delivered the opinion of the court.

This appeal questions the decree of the chancery court of Sharkey county allowing the claims of certain creditors of the estate of Bernard Sinai, deceased, and disallowing the claim of M. H. Rogers. M. H. Rogers, Charles W. Buck, Pearl & Kline, Mississippi Lumber Company, Lee Richardson & Co., Bernard & Martin,

Goodbar & Co., Abe Blum, Louis Hoffman Hardware Company, Van Vleet-Mansfield Drug Company, and Wright Brothers Hardware Company probated their respective claims against the estate then being administered by Morris Rosenstock, the executor of the last will of said Bernard Sinai, deceased. All the claims were allowed except the claim of M. H. Rogers. From the decree allowing these claims the executor and certain creditors of the estate prosecute an appeal, while M. H. Rogers prosecutes for himself an appeal from the decree disallowing his claim. It appears that Rogers probated an account in the total sum of twenty-two thousand, one hundred and fifty-eight dollars and sixty-three cents, consisting of various claims against the firm of Sinai, Fort & Co., which had failed in business and in which the deceased, Bernard Sinai, was a partner. The several claims constituting the probated account of Rogers represented claims bought up by Rogers against the partnership and purporting to have been duly assigned in writing to claimant Rogers. The decedent, whose estate is here being administered, departed this life September 8, 1910. His will was probated and letters testamentary granted to his executor on the 16th day of September, 1910. For some reason, not disclosed by this record, the administration of the estate was delayed and the estate was finally declared insolvent October 28, 1915. When the estate was declared insolvent notice in accordance with the statute was given to creditors to refile their claims on a day fixed and have the same adjudicated. Objections were filed to each of the claims involved in this appeal and the chancellor heard these objections and rendered the decrees appealed from. The sole point relied upon by the executor in his direct appeal from the decree complained of is the contention that each of the claims was barred by the statute of limitations. In reference to this point it may be stated that the claim of Pearl & Kline was duly probated and allowed November 21,

1910, but the claim was not paid and no suit was filed by Pearl & Kline within four years and six months from the grant of letters testamentary. It appears from the record, then, that this creditor had no remedy against the executor after March 16, 1915. At that time the estate had not been declared insolvent, and was not declared insolvent until October 28, 1915, more than six months thereafter. Section 3105, Code 1906 (section 2469, Hemingway's Code), reads as follows:

"Action Against Executor or Administrator.—An action or *sciri facias* may not be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate, but within four years after the qualification of such executor or administrator."

This section and section 2096a, Code 1906, prohibiting the filing of a suit against the executor or administrator until after the expiration of six months from his appointment have been by this court construed together as giving four years and six months within which an executor or administrator can be sued. The probated notes forming the basis of the claim of Pearl & Kline, matured before the death of Bernard Sinai. This fact renders section 3105 applicable, and limits the time in which this creditor can sue the executor in this case. Before any suit was filed, the right of the creditor to sue had been barred by the statute of limitations. Under the previous holdings of this court section 3105 has no application to causes of action which accrued after the death of the decedent. *Bingaman* v. *Robertson*, 25 Miss. 501; *Pope* v. *Bowman*, 27 Miss. 194; *McLean* v. *Ragsdale*, 31 Miss. 701; *French* v. *Davis*, 38 Miss. 218; *Sivley* v. *Summers*, 57 Miss. 712; *Buckingham* v. *Walker*, 48 Miss. 609. Any uncertainty in the construction of our various statutes of limitations applicable to the administration of an estate of a decedent can be removed by reading and considering the statutes together, and letting each

operate as written. Under section 2107, Code 1906, all claims must be registered within one year or they are forever barred, and "a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or adminis- trator." If this section is complied with, then under section 2110 the presentation of the claim and having it probated and registered stops "the running of the general statute of limitations as to such claim, whether the estate be solvent or insolvent." This statute pre- vents the claim from being outlawed before there is an orderly administration and before the creditor can be paid in due course of administration. There is a statutory remedy whereby the executor or any party in interest may contest any claim, and there is reason to argue that the due presentation and allowance of the claim by the clerk should operate in the nature of a judgment allowing the claim, and that any unusual delay or maladministration ought not to defeat the claim of any creditor who has in due season come for- ward and duly probated his account or claim. There is authority in a few states holding that the allowance of a claim by the probate court has the force and effect of a judgment, and that as against such probated claim the statute of limitations does not run. But section 3105 is clear and unambiguous, and under the strict language of this section the owner of a probated claim must insist upon satisfaction or bring his action against the executor or administrator within four years and six months from the date of letters testamentary or administration. This neither Pearl & Kline nor any of the other creditors in this case did. We have stated the facts in reference to the claim of Pearl & Kline as an illustration of the point here argued. The record shows that each of the claims of the appellees in the direct appeal of the executor matured before the death of the decedent and come within the terms of section 3105. The only brief on behalf of the appellees is a

brief for Wright Bros. Hardware Company contending that the will of Mr. Sinai created an express trust in favor of creditors, and that under the terms and provisions of the will the executor is charged with the duty of paying the debts without probate or administration. The express terms of the will, in our judgment, do not support this view. *Packing Co.* v. *Miller's Estate,* 103 Miss. 435, 60 So. 574; *Cohn* v. *McClintock,* 107 Miss. 831, 66 So. 217; *Stevens* v. *Mercantile Co.,* 108 Miss. 690, 67 So. 160.

On the point that section 3105 of the Code applies, see the following authorities: *Boyd* v. *Lowry,* 53 Miss. 352; *Champion* v. *Cayce,* 54 Miss. 695; *Sivley* v. *Summers,* 57 Miss. 712; *Hardenstein* v. *Brien,* 96 Miss. 493, 50 So. 979; *Oliver* v. *Smith et al.,* 94 Miss. 879, 49 So. 1, and the recent case of *Duffy, Adm'r,* v. *Kilroe,* 76 So. 681.

In reference to the direct appeal of M. H. Rogers, we are not justified in reversing the decree disallowing this claim. In the first place the claim is made up of a list of various claims held by different creditors against the partnership of Sinai, Fort & Co., which claims were transferred to Mr. Rogers. In probating these claims Rogers did not itemize a single one of the several claims against the partnership, but merely listed the total amount of each separate claim, as for illustration, "To claim O. L. Sanders, one thousand, four hundred and seventy-three dollars and eighty cents." This in no wise gave notice of the items originally composing the claim of Mr. Sanders, and did not sufficiently comply with the statute regulating the manner in which claims must be probated. In the next place the chancellor was justified in holding that Mr. Rogers failed to show that he was the real owner of these claims. What has already been said disposes of the contention of Mr. Rogers that the will created a trust.

The only doubt about the application of the statute of limitations in this case arises upon the suggestion that

the executor is not here sued, and that the statute is invoked upon a contest heard before the chancellor. It must be remembered in this connection that under section 2120 a suit may not be brought against the executor after the estate has been declared insolvent, and that when this contest arose and was heard by the chancellor no action at law could then be maintained. In lieu of a proceeding at law to recover a judgment, the creditors under the insolvency proceedings were required to present afresh their several demands and have their claims adjudicated by the chancery court. By statute, then, the chancery court is not only given the authority but it becomes the duty of the court to adjudicate the claims of creditors and to this end to dispose of any objections or contests. It was in this proceeding that certain creditors and the executor filed objections to the several claims, and in the hearing of these objections and adjudicating the several claims both creditors and representatives of the estate had their day in court. It has been expressly held that section 3105 may be invoked by an heir in a proceeding to sell real estate for the purpose of paying debts. It can, we think, be invoked in a proceeding before the chancellor when he finally adjudicates the claims of each creditor of an estate which has been duly declared insolvent, especially in view of our statute which declares that when the remedy is barred the right also is barred. Section 3115, Code 1906; section 2479, Hemingway's Code; *Trowbridge* v. *Schmidt,* 82 Miss. 475, 34 So. 84.

Upon the direct appeal of M. H. Rogers the cause is affirmed. Upon the appeal of the executor from the decree allowing the other claims complained of the decree of the learned chancery court will be reversed and a final decree entered here disallowing each of said claims; the costs of this appeal to be taxed against all of the creditors whose claims are here brought under review.

*Affirmed and reversed.*