GREENLEE, J., FOR THE COURT:
 

 ¶ 1. Christopher Hayden Powell died intestate, and was survived by his father, mother, and sister. Stephanie Carlisle served as administrator and filed a final accounting and motion to close Powell's estate ("Estate"). Rush Foundation Hospital,
 Medical Foundation, Inc., and Rush Medical Group (collectively "Rush") opposed the motion. The chancellor held a hearing and later entered a judgment denying Rush's claim as barred by the four-year statute of limitations, Mississippi Code Annotated section 15-1-25 (Rev. 2012). Rush sought interlocutory review, which was denied. The chancellor entered a judgment closing the Estate, from which Rush appeals.
 

 BACKGROUND
 

 ¶ 2. Powell died intestate on May 5, 2010. His father, mother, and sister survived him. On November 10, 2011, the Lauderdale County Chancery Court issued letters of administration to Powell's mother, Carlisle, to serve as administrator of Powell's estate. Notice to creditors was published on November 15, 22, and 29, 2011, in the Meridian Star newspaper, which is circulated throughout Lauderdale County. On December 27, 2011, three Rush entities probated a claim against the Estate for $10,413.39. Those entities and the amounts of their respective claims are: Rush Medical Group, $810; Medical Foundation, Inc., $450; and Rush Foundation Hospital, $9,153.39.
 

 ¶ 3. On March 21, 2016, Carlisle filed her "Final Account and Motion to Close Estate." In her filing, Carlisle claimed that Powell died leaving no certain personal property and no real property in Lauderdale County, and that, at his time of death, he had no assets. Carlisle also averred that Rush's claim was barred by the statute of limitations. On May 26, 2016, Rush filed a response opposing Carlisle's motion. In its response, Rush asserted its claim was not barred, and that Carlisle had yet to file an inventory
 
 [1]
 
 or pleading to ascertain whether the Estate was solvent.
 
 [2]
 
 Rush additionally noted the court had approved a wrongful-death settlement in the amount of $100,000. On June 22, 2016, the chancery court heard arguments on Rush's response to Carlisle's "Final Account and Motion to Close Estate." On June 23, 2016, the chancellor issued an opinion and judgment denying Rush's claim, finding it time-barred under section 15-1-25. The chancellor's judgment did not address the dispute over whether the Estate was solvent, nor did it address Carlisle's statutory requirement as an administrator to file an inventory. Rush sought interlocutory review on July 14, 2016, which the Mississippi Supreme Court denied on October 12, 2016. On October 20, 2016, the chancellor entered a "Judgment Closing Estate and Discharging Administratrix."
 

 ¶ 4. Rush filed a notice of appeal from the chancellor's October 20 judgment on November 17, 2016.
 

 DISCUSSION
 

 I. Whether Rush timely appealed.
 

 ¶ 5. Carlisle argues this Court lacks jurisdiction because Rush filed its notice of appeal more than thirty days after the June 23, 2016 judgment denying its claim. Rush argues the June 23 judgment was not final because it did not adjudicate all the claims, rights, and liabilities of all the parties; and the order was not certified as
 a Mississippi Rule of Civil Procedure 54(b) final judgment. Rush states the October 20, 2016 judgment closing the Estate adjudicated all claims, rights, and liabilities, and it timely filed its notice of appeal within thirty days from this date.
 

 ¶ 6. "Generally, parties may only appeal from a final judgment."
 
 Harris v. Waters
 
 ,
 
 40 So.3d 657
 
 , 658 (¶ 3) (Miss. Ct. App. 2010). "A final, appealable judgment ... adjudicates the merits of the controversy [and] settles all issues as to all the parties, and requires no further action by the lower court."
 

 Id.
 

 Rule 54(b) provides an exception to this rule by allowing the trial court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." But the trial court may do so "only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment."
 

 Id.
 

 Absent a 54(b) certification, any judgment-regardless of how designated-is not final if it "adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties."
 

 Id.
 

 ¶ 7. The trial judge's decision whether to certify a judgment as final under Rule 54(b) is discretionary. M.R.C.P. 54(b) advisory committee's notes. However, should he elect to certify the judgment as final under Rule 54(b), he "must do so in a definite, unmistakable manner."
 

 Id.
 

 ¶ 8. In contending the appeal is untimely, the Estate cites
 
 In re Estate of Philyaw
 
 ,
 
 514 So.2d 1232
 
 (Miss. 1987), which held that a chancellor's decree allowing a creditor's claim against the estate begins the thirty-day period in which an administrator may appeal.
 

 Id.
 

 at 1236-37
 
 . However,
 
 Estate of Philyaw
 
 considered a judgment that resolved all disputed issues.
 

 Id.
 

 at 1235-36
 
 . In addition,
 
 Estate of Philyaw
 
 reviewed an issue from an estate filed in 1981, prior to the effective date of Mississippi Rules of Civil Procedure.
 
 [3]
 

 Id.
 

 at 1233, 1239
 
 .
 

 ¶ 9. We find this case more analogous to
 
 Harris v. Waters
 
 ,
 
 40 So.3d 657
 
 (Miss. Ct. App. 2010). In
 
 Harris
 
 , the chancellor entered a judgment following a contest to the executor's final accounting and petition to close the estate.
 

 Id.
 

 at 658
 
 (¶ 1). In her final accounting, the executor requested that the chancellor order several pieces of property be conveyed to her.
 

 Id.
 

 at 659
 
 (¶¶ 6-9). However, the chancellor's judgment, entered prior to the closing of the estate, failed to address the executor's request.
 

 Id.
 

 at (¶ 9). We held that the failure to address the executor's request left open the proper distribution of the property.
 

 Id.
 

 In addition, we found the chancellor failed to resolve an administration-expense issue and a disputed statutory-support matter.
 

 Id.
 

 at (¶ 10). For those reasons, we concluded the chancellor did not adjudicate all claims involved, and we determined that the chancellor's order was interlocutory.
 

 Id.
 

 at (¶ 11).
 

 ¶ 10. Similarly, the June 23, 2016 judgment denying Rush's claim did not adjudicate all claims, rights, and liabilities involved. No 54 (b) certification appears in the record; thus, the judgment was interlocutory.
 

 ¶ 11. Carlisle's motion to close the Estate contained two distinct issues. Carlisle argued that Rush's claim was barred by the four-year statute of limitations. Next, she claimed that the decedent had no assets at the time of his death. Rush contested
 these assertions, noting: there had been a wrongful-death settlement; Carlisle had yet to return an inventory of the Estate, as required by Mississippi Code Annotated section 91-7-93 (Rev. 2013); and the chancellor had yet to determine whether the Estate was insolvent.
 

 ¶ 12. The chancellor's June 23 judgment found Rush's claim was barred by the statute of limitations, but did not address the issue of whether the Estate was solvent, or whether Carlisle was required to file an inventory. Rush timely sought interlocutory review on July 14, 2016, which the Mississippi Supreme Court denied on October 12. On October 20, the chancellor issued a judgment closing the Estate, and Rush filed its instant appeal within thirty days from the date the judgment was entered. Under these circumstances, we find the timeliness of Rush's appeal is not at issue.
 

 ¶ 13. The dissent would have us find that Rush was obliged to appeal within thirty days after the chancellor's ruling on June 23. It is true that both the Mississippi Supreme Court and this Court have exercised jurisdiction over timely appeals from orders either allowing or disallowing claims against still-open estates.
 
 See, e.g.
 
 ,
 
 In re Estate of Petrick
 
 ,
 
 635 So.2d 1389
 
 (Miss. 1994)
 
 ;
 

 In re Estate of Ladner
 
 ,
 
 911 So.2d 673
 
 (Miss. Ct. App. 2005). However, our appellate courts have not yet held that a creditor
 
 must
 
 file an appeal from the date a claim is denied. For us to do so now would limit the time for claimants to appeal when issues brought forth by the original pleadings remain undecided.
 

 ¶ 14. In contending Rush's time for appeal has expired, the dissent cites
 
 In re Holmes
 
 ,
 
 188 So.3d 1229
 
 (Miss. Ct. App. 2015). There, a creditor filed a claim seeking payment for a series of personal checks advanced to the decedent for her nursing care.
 

 Id.
 

 at 1232
 
 (¶ 10). The executor moved to close the estate, and asserted the decedent lacked capacity to enter a contract, and that the creditor probated its claim too late.
 

 Id.
 

 at (¶ 11). The creditor opposed both arguments.
 

 Id.
 

 at (¶¶ 12-13). After a hearing, the chancellor disallowed the claim.
 

 Id.
 

 at (¶¶ 14-15). In his judgment, the chancellor found that the creditor was unable to provide sufficient proof the checks represented loans and that the claim was time-barred.
 

 Id.
 

 ¶ 15. In response to the creditor's appeal, the executor argued the chancellor's judgment denying the claim was not final because the estate remained open, and there was no final order closing the estate.
 

 Id.
 

 at n.3 This Court rejected the executor's argument and found the appeal timely because the judgment appealed from "finally resolved the probate claim ... lodged against [the] estate."
 

 Id.
 

 ¶ 16. Unlike
 
 In re Holmes
 
 , the chancellor's judgment in this case did not directly address all disputed issues. Further, this Court did not deny the appeal in
 
 In re Holmes
 
 , but exercised jurisdiction over the appeal. Therefore, to rule that a claimant
 
 must
 
 file an appeal at this juncture would effectively deny Rush the opportunity to appeal when caselaw does not make such an obligation apparent. We will thus review the merits of Rush's appeal.
 

 II. Whether the statute of limitations had run.
 

 ¶ 17. Rush argues the chancellor erred in applying the four-year statute of limitations found in section 15-1-25, which states: "An action or scire facias may not be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate, except within four years after the qualification of such executor or administrator." The application of a statute of limitations is a question of law, which we review de novo.
 
 Sarris v. Smith
 
 ,
 
 782 So.2d 721
 
 , 723 (¶ 6) (Miss. 2001).
 

 ¶ 18. Rush argues section 15-1-25 is preemptive; that no action to compel payment was brought, making section 15-1-25 inapplicable; and that Carlisle's statutory duty to pay the Estate's debts
 
 [4]
 
 entitles Rush to payment of its claims. This argument, however, is without merit. In
 
 Rogers v. Rosenstock
 
 ,
 
 117 Miss. 144
 
 ,
 
 77 So. 958
 
 (1918), the Mississippi Supreme Court considered the application of section 15-1-25 (then Section 3105, Code 1906), stating, "[S]ection 3105 is clear and unambiguous, and under the strict language of this section[,] the owner of a probated claim must insist upon satisfaction or bring his action against the executor or administrator" within the time provided by statute.
 
 [5]
 

 Rogers
 
 ,
 
 117 Miss. at 149
 
 ,
 
 77 So. at 959
 
 . As the
 
 Rogers
 
 court explained, "[the statute] declares that when the remedy is barred[,] the right also is barred."
 

 Id.
 

 at 151
 
 ,
 
 77 So. at 960
 
 . As Professor Robert Weems succinctly explained:
 

 One might conclude that if a creditor validly probates his or her claim, the creditor would not have to do anything else to protect it, but this is not always the case. The administrator may, through deliberation or procrastination, fail to pay the claim. If the administrator does not pay it, the creditor may have to take judicial action to compel payment. Administrators may not be sued for 90 days after taking office, and there is a four-year statute of limitations with regard to the action against administrators to recover claims against their decedent. [
 
 Miss. Code Ann. §§ 91-7-239
 
 (Rev. 2013); 15-1-25]. Consequently, actions to compel payment of such claims must be brought within four years and 90 days of the qualification of the administrator, even though the claim may have been duly probated.
 

 Robert A. Weems,
 
 Wills and Administration of Estates in Mississippi
 
 , § 2.31 (3d ed. 2003).
 

 ¶ 19. Here, Carlisle was issued letters of administration on November 10, 2011, and the four-year statute of limitations began to run ninety days later, i.e., on February 8, 2012.
 
 Miss. Code Ann. § 91-7-239
 
 .
 
 [6]
 
 Therefore, section 15-1-25 required that Rush insist upon satisfaction of its claims or bring an action against Carlisle before February 8, 2016. Rush did not do so until May 26, 2016, approximately three months and eighteen days after the statute of limitations ran. This time period clearly exceeds that of section 15-1-25, and this suit is time-barred.
 

 ¶ 20.
 
 AFFIRMED.
 

 LEE, C.J., IRVING, P.J., CARLTON, WESTBROOKS AND TINDELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., DISSENTS WITH SEPARATE OPINION, JOINED BY GRIFFIS, P.J., AND FAIR, J.
 

 GRIFFIS, P.J., AND FAIR, J., JOIN THIS OPINION.
 

 Mississippi Code Annotated section 91-7-93 (Rev. 2013) requires an executor or administrator to file an inventory within ninety days of the grant of letters testamentary.
 

 Mississippi Code Annotated section 91-7-261 (Rev. 2013) requires an executor or administrator to ascertain whether an estate is insolvent or solvent. If both the decedent's real and personal estates are insufficient to pay his debts, the executor or administrator must "exhibit to the court a true account of all the personal estate, assets of every description, the land of the deceased, and all the debts due from the deceased[.]"
 

 The Mississippi Rules of Civil Procedure became effective on January 1, 1982, for civil actions filed on or after that date.
 
 Order Adopting the Mississippi Rules of Civil Procedure
 
 (May 26, 1981).
 

 Mississippi Code Annotated section 91-7-155 (Rev. 2013) provides, "[i]t shall be the duty of an executor or administrator to speedily pay the debts due by the estate out of the assets, if the estate be solvent; but he shall not pay any claim against the deceased unless the same has been probated, allowed, and registered."
 

 At the time
 
 Rogers
 
 was handed down, the statutory time period in which to sue an executor or administrator was four years and six months from the date the letters testamentary or letters of administration were issued. The current statute modified this time period to four years.
 

 Under section 91-7-239, a suit cannot be filed against an executor or administrator until after ninety days following the issuance of the letters of administration.