# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00010-SCT

*IN THE MATTER OF THE ESTATE OF COSTAS
E. PAVLOU, DECEASED: KENNETH ROGERS*

*v.*

*THE ESTATE OF COSTAS E. PAVLOU,
DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/03/2019 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| TRIAL COURT ATTORNEYS: | LEE B. AGNEW, JR. |
| | JUDSON M. LEE |
| | CYNTHIA H. SPEETJENS |
| | CHRISTOPHER J. WELDY |
| COURT FROM WHICH APPEALED: | CHANCERY COURT OF THE FIRST |
| | JUDICIAL DISTRICT OF HINDS COUNTY |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER J. WELDY |
| ATTORNEYS FOR APPELLEE: | JUDSON M. LEE |
| | CYNTHIA H. SPEETJENS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 01/14/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Kenneth Rogers appeals from a chancery court order granting authority to the executor

of the Estate of Costas E. Pavlou (the estate) to disburse funds to the estate's attorneys. The

chancellor found that Rogers lacked standing to challenge the disbursement because he had

not probated a claim against the estate. Rogers appeals.

¶2.    We find that this Court has jurisdiction over the appeal but that Rogers did not

designate the documents on which he bases his appellate challenge to the chancellor's decision. Because this Court is unable to review Rogers's arguments due to his not having designated relevant portions of the record, we affirm.

**FACTS**

¶3.     Rogers sued Pavlou in Hinds County Court in 2012, alleging that Pavlou had breached a contract with Rogers that had given Rogers an option to purchase Pavlou's concession business at the Mississippi State Fair. During the pendency of the lawsuit, on July 17, 2017, Pavlou died, and his will was admitted to probate in the Chancery Court of the First Judicial District of Hinds County. On January 25, 2018, Pavlou's estate was substituted as the party defendant in the county court case.[1] Attorneys Cynthia H. Speetjens and Judson M. Lee had represented Pavlou, and then his estate, in the county court action. Upon the withdrawal of the estate's attorney, the executor retained Speetjens and Lee as counsel for the administration of the estate.

¶4.     On January 29, 2018, Rogers's attorney, Christopher J. Weldy, filed an entry of appearance in the estate proceeding on behalf of Rogers. Trial in the county court case commenced on June 25, 2019. After two days of trial, the county court directed a verdict in favor of the estate and dismissed Rogers's claims with prejudice, prompting his appeal to

---

[1] At one point, the county court transferred the case to the chancery court, and Rogers filed a petition for an interlocutory appeal. This Court granted the petition, reversed the county court's transfer order, and remanded for the chancery court to transfer the case back to county court. Order, ***Rogers v. Laird***, No. 2018-IA-00478-SCT (Miss. June 7, 2018). Rogers filed another petition for an interlocutory appeal from an order granting certain creditor claims, which this Court denied. Order, ***Rogers v. Estate of Pavlou***, No. 2019-M-00246 (Miss. Feb. 20, 2019).

circuit court.

¶5.     In chancery court, the executor filed a Petition for Authority to Disburse Funds to Pay Outstanding Attorney and Accountant Fees. The petition included time and expense records and affidavits from Speetjens and Lee, as well as the affidavit of a disinterested attorney attesting to the reasonableness and necessity of the fees. The executor averred that he had reviewed the fees and deemed their payment "reasonable, acceptable, and in the best interests of the Estate . . . ." Speetjens requested attorney fees of $15,400 and expenses of $594.41, and Lee requested attorney fees of $7,350. The petition also requested authority to pay accountant fees of $750. The executor averred that, because the estate had funds of $97,302.99, its assets were sufficient to pay those amounts.

¶6.     The chancery court initially granted the petition but then withdrew its order. Rogers filed a response to the petition. He did not oppose the payment of accountant fees. But he argued that the attorney fees had not benefitted the estate because they had been incurred primarily to defend the estate in county court and were not part of estate administration expenses. Rogers argued also that disbursing the requested attorney fees placed the estate at risk of becoming insolvent. He estimated that his damages, plus prejudgment interest if he won the breach of contract case, would total at least $75,562.37. Therefore, Rogers argued, subtracting the attorney fees of $23,344.41 from the $97,302.99 in estate funds would leave the estate with insufficient funds to pay a future judgment in his favor.

¶7.     After a hearing, the chancery court granted the Petition for Authority to Disburse Funds to Pay Outstanding Attorney and Accountant Fees and overruled Rogers's objection.

3

The chancellor found that the attorneys had kept records of their time and expenses diligently, that the executor had deemed their fees "valid, reasonable and acceptable," and that the estate's beneficiary had indicated her approval by joining the petition for disbursement. The chancellor found that Rogers lacked standing to challenge "properly submitted Estate expenses" because he had not probated a claim against the estate and, even if the circuit court should grant him relief on appeal of the county court judgment, he "has no judgment or liquidated claim against the Estate." The chancellor found that Rogers "has presented no reasonable basis to withhold payments on said claims." The chancellor further found that, because the estate had approximately $97,302.99 on deposit and the attorney fees totaled $23,344.41, it was not insolvent nor would it be rendered insolvent by the disbursement.

¶8.     Rogers appeals, arguing that he properly probated a claim against the estate, that the attorney fees were not a cost of administration, and that the disbursement of attorney fees has put the estate at risk of insolvency.

## DISCUSSION

### I.     Whether this Court has jurisdiction over Rogers's appeal.

¶9.     Although no party questions our jurisdiction over the appeal, this Court must inquire into its jurisdiction "[w]hether raised by the parties or not . . . ." *Michael v. Michael*, 650 So. 2d 469, 471 (Miss. 1995) (citing *Common Cause of Miss. v. Smith*, 548 So. 2d 412, 414 (Miss. 1989)). The chancellor's decision granted the executor's motion for the disbursement of funds and denied a motion opposing that disbursement filed by a purported creditor of the

4

estate. But the estate remains open, and no judgment closing it has been entered. The rule is that "[g]enerally, only final judgments are appealable." ***M.W.F. v. D.D.F.***, 926 So. 2d 897, 899 (Miss. 2006). Rule 54(b) of the Mississippi Rules of Civil Procedure provides a mechanism for the certification of a nonfinal judgment as final and appealable.

> **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated[,] which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R.C.P. 54(b).

¶10. After the chancellor entered the order granting the disbursement, Rogers filed a motion to stay the execution of the order and requesting that the chancellor certify the judgment as final and appealable under Rule 54(b). The executor filed a response saying he did not object to Rule 54(b) certification. The chancellor entered an order granting a stay with the exception of the $750 disbursement to the accountant. The order contained the following language: "this [c]ourt hereby certifies that the December 3, 2019 *Order* is a final and appealable judgment as relates to the relief granted therein."

¶11. The chancellor's order did not comply with the requirements for Rule 54(b) certification. Rule 54(b) requires that the court make "an expressed determination that there

is no just reason for delay" and "an expressed direction for the entry of the judgment." M.R.C.P. 54(b). The chancery court's order did neither. Without a proper Rule 54(b) certification, an order that "adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties" is interlocutory. *M.W.F. v. D.D.F.*, 926 So. 2d 897, 900 (Miss. 2006) (emphasis omitted) (quoting M.R.C.P. 54(b)). This Court has held that an effective Rule 54(b) certification must include "the specific and express language required by [Rule 54(b)]." *M.W.F.*, 926 So. 2d at 900. Because the chancellor's order omitted the required findings, the order did not certify the judgment as final and appealable under Rule 54(b).

¶12.    But this Court has held that an order that finally resolves a claim against an estate is final and appealable although the estate remains open. In ***Braxton v. Johnson (In re Estate of Philyaw)***, 514 So. 2d 1232, 1234 (Miss. 1987), the chancery court allowed the claim of a creditor, Jeryl T. Johnson, against the estate. The estate remained open for almost two years after that, and other claims were litigated during that time. *Id.* at 1238-39. After the estate was closed, an interested party appealed, arguing that the chancery court's payment of Johnson's claim had been erroneous because the claim was time barred. *Id.* at 1236. Noting that appeals generally have been permitted from decrees allowing or disallowing probate claims, the Court held that the "time for an appeal should run from the date of the decree on the claim[,]" not from a later order closing the estate. *Id.* In explaining its holding, the Court expressed that

> The efficient and orderly administration of estates and payment of all just debts without unjustified delay compels our conclusion. To permit an administrator to wait until an estate is otherwise ready for closing before deciding whether or not to appeal a decree allowing a claim would

6

countenance outrageous postponements in paying the indebtedness due by the estate. Moreover, an administrator cannot close an estate until there has been a final adjudication as to precisely what debtors are due by the estate, which he has a duty to pay.

*Id.* (citations omitted). The Court held that the decree granting the probate claim had been a final judgment and, because the executrix had not appealed from that judgment, the time for taking an appeal had expired. *Id.* at 1237.

¶13.    Since the *Philyaw* decision, this Court has heard an administratrix's appeal of an order allowing a healthcare provider's claim against the estate. *Vann v. Miss. Neurosurgery, P.A. (In re Estate of Petrick)*, 635 So. 2d 1389, 1391 (Miss. 1994). We reviewed *Johnson v. Collins*, 419 So. 2d 1029, 1029 (Miss. 1982), an appeal taken from a decree adjudicating a claim by an estate's executors to recover assets belonging to the estate. The Court of Appeals has exercised jurisdiction over timely appeals from orders that finally determined probate claims although the estates remained open. *Holmes v. Turner (In re Estate of Holmes)*, 188 So. 3d 1229, 1232 n.3 (Miss. Ct. App. 2015); *Holston v. Ladner (In re Estate of Ladner)*, 911 So. 2d 673, 674 (Miss. Ct. App. 2005); *Atkins v. King (In re Estate of King)*, 303 So. 3d 423 (Miss. Ct. App. 2020). *But see Rush Found. Hosp. v. Carlisle*, 269 So. 3d 222, 226 (Miss. Ct. App. 2018) (distinguishing *Holmes* and holding that, because the order denying a hospital's probate claim "did not directly address all disputed issues," the hospital properly took an appeal from the judgment closing the estate). Further, Rule 81(a) of the Mississippi Rules of Civil Procedure provides that the rules have "limited applicability" in actions, like the one before us, "which are generally governed by statutory procedures." M.R.C.P. 81(a). Rule 81 lists actions governed by Title 91 of the Mississippi Code, Trusts and Estates, as

7

among those in this category. M.R.C.P. 81(a)(8). We hold that, based on *Philyaw* and its progeny, the order granting the disbursement of attorney fees and denying Rogers's objection to the disbursement qualified as a final, appealable judgment.

II.     **Whether Rogers had standing to object to the petition for authority to disburse attorney fees.**

¶14.    Rogers argues that the chancery court erred by holding that he lacked standing due to his failure to probate a claim against the estate. He contends that his attorney's entry of appearance met the requirements for probating a claim. Mississippi Code Section 91-7-149 prescribes the procedure for probating claims and provides in pertinent part that

> Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or if the claim be a judgment or decree, a duly certified copy thereof, or if there be no written evidence thereof, an itemized account or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, to the following effect, viz.: That the claim is just, correct, and owing from the deceased; that it is not usurious; that neither the affiant nor any other person has received payment in whole or in part thereof, except such as is credited thereon, if any; and that security has not been received therefor except as stated, if any . . . if the claim be based upon a promissory note or other instrument purporting to have been executed by the decedent, the creditor shall file with his claim either the original thereof or a duplicate of such original in the discretion of the creditor.

Miss. Code Ann. § 91-7-149 (Rev. 2018). A proper probated claim is one that substantially complies with the statutory procedure. *Stuart C. Irby Co. v. Patton*, 301 So. 2d 845, 846 (Miss. 1974) (citing *Cent. Optical Merch. Co. v. Lowe's Estate*, 249 Miss. 61, 75, 160 So. 2d 673, 679-80 (1964)).

¶15.    Rogers argues that his attorney's entry of appearance met the requirements of a probated claim. He argues that the estate's filing of a "Petition to Disallow Probate Claim"

8

after he filed the entry of appearance was an acknowledgment by the estate that his claim had been probated. But Rogers failed to designate the entry of appearance or the "Petition to Disallow Probate Claim" in his designation of the record. "Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." *Oakwood Homes Corp. v. Randall*, 824 So. 2d 1292, 1294 (Miss. 2002) (internal quotation marks omitted) (quoting *Mason v. State*, 440 So. 2d 318, 319 (Miss. 1983)). The appellant has a duty to ensure that the appellate record contains "all matters necessary to his appeal, such as exhibits, witnesses' testimony, and so forth . . . ." *Id.* (quoting *Branch v. State*, 347 So. 2d 957, 958 (Miss. 1977)). Because the entry of appearance is not in the appellate record, we are unable to review Rogers's argument that the entry of appearance met the statutory requirements for a probated claim. When the appellant has not placed the matters necessary to the appeal in the record, "[b]ecause we presume that the decisions of the lower courts are correct, we must affirm." *Id.* (citation omitted).

¶16.    Rogers's argument that he had standing[2] to challenge the executor's request for disbursement of attorney fees is based solely on his contention that his attorney's entry of appearance constituted a probated claim. He asserts no other ground for standing. Rogers's

---

[2] In the state courts of Mississippi, a party has standing when he or she has "a colorable interest in the subject matter . . . ." *Hotboxxx, LLC v. City of Gulfport*, 154 So. 3d 21, 27 (Miss. 2015) (quoting *Kinney v. Catholic Diocese of Biloxi, Inc.*, 142 So. 3d 407, 412-13 (Miss. 2014)). A colorable interest exists "whe[n] the particular plaintiff had a right to judicial enforcement of a legal duty of the defendant or . . . whe[n] a party plaintiff . . . can show in himself a *present*, *existent* actionable title or interest, and demonstrate that this right was complete at the time of the institution of the action." *Id.* (first and fourth alterations in original) (internal quotation marks omitted) (quoting *City of Picayune v. S. Reg'l Corp.*, 916 So. 2d 510, 526 (Miss. 2005)).

failure to designate the entry of appearance prevents appellate review of his argument that he had standing because he had probated a claim properly. Therefore, we affirm the chancellor's finding that Rogers lacked standing to challenge requests for proper payment of estate expenses, and we do not reach Rogers's arguments that the attorney fees had not benefitted the estate or that paying the attorney fees could render the estate insolvent.

## CONCLUSION

¶17. This Court has jurisdiction over Rogers's appeal. But Rogers did not designate the entry of appearance on which he bases his argument that he had probated a claim. For that reason, the chancellor's decision that Rogers had not probated a claim and therefore lacked standing to challenge payment of estate expenses is not subject to appellate review.

¶18. **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

10