## HOWARD ET AL. v. JAYNE ET AL.

[86 South. 752.   No. 21293.]

1. RECEIVERS. *Decree for sale of land by receiver must be in writing.*
   An order or decree directing a sale of land by a receiver must be in writing, signed by the chancellor if made in vacation. and if made in term time must be entered on the minutes of the court.

2. RECEIVERS. *Sale 'of land must accord with order as to place and notice.*
   A sale of land made by a receiver must be at such place and on such notice as the decree directs, and in the absence of such direction must be made in accordance with the requirements for a sale under an execution at law.

APPEAL from chancery court of Hinds county.
HON. L. F. EASTERLING, Chancellor.

Suit by R. K. Jayne and others against R. E. Howard and others. On petition of M. A. Lewis and another, as receivers, for confirmation of sale of land. Decree for petitioners, and defendants appeal. Reversed and remanded.

*Teat & Teat* and *Potter* for appellant.

Upon an examination of the authorities cited by counsel for appellees, it does not appear that they have successfully answered the interrogatories propounded to them by the court. In the case of *Tobin* v. *Portland Flouring Company,* 42 Ore. 117, it is held, that where a receiver of a warehouseman's property is authorized to take charge of wheat stored in his warehouse and collect for storage, etc., sold certain screenings and chop found in the warehouse, the court's approval of his report ratified and made valid the sale.

This case is not primary authority because it is not upon the sale of real estate, but has under consideration

the sale of perishable personal property. *Claflin Company* v. *Givson,* 51 S. W. 439. This case does not have under consideration the sale of real estate but has under consideration the sale of a stock of goods. That part of the opinion in this case which is nearest in point reads as follows: "If the order was in fact made and not formally signed, the signature subsequent to the sale would perfect the order and a sale would be valid."

This case is not in point because it is not a decision touching the sale of real estate by a receiver, nor does it relate to a similar statute about the sale of lands under the orders of a court of equity as provided for in sections 411 and 417 of Hemingway's Code. *Roberts* v. *Letchworth,* 127 Ark. 490. This decision is not in point because it does not have in consideration the sale of real estate by a receiver. The point in this case is that the chancellor made an oral order as to the disposition of the lumber, etc., of the value of sixty-five dollars. The case is not at all in point, and it does not even undertake to deal with the sale of lands.

Section 618, Vol. 1, of Clark on Receivers, referred to by opposing counsel does not appear to relate to the sale of real estate. This subject seems to be treated by sections 620 and 621, and it will be noticed that these sections are strikingly similar to sections 411 and 417 of Hemingway's Code.

Mr. Clark lays down emphatically the rule that the title of real estate must be passed by a decree or by a deed in persuance of a decree for that purpose, and that it is usual to combine the confirmation of the report of sale and the decree of sale in one pleading or court paper and mark it, confirmation or report and decree of sale. This rule is supported by *Walters* v. *Hargrove,* 61 Ga. 268, and *Hall* v. *Taylor,* 133 Ga. 606.

It seems to be a uniform rule that a decree of the court must be entered for the sale of real estate and it seems that the purpose of this decree is to direct the time, place and condition of the sale and after such sale is made upon

such decree, then the court reviews the sale, and it is only after the ratification and approval of it, that the title passes. *Hall* v. *Taylor,* 133 Ga. 606.

We find no decision so far authorizing the receivers to act independently of the court in the sale of lands making such sales without a decree of the court. What authority we find for the act of the receivers to sell the property and report to the court, is personal property and mostly that character of perishable personal property.

The question is, is the title of the land in the receivers and are they authorized in law to divest that title from themselves to the purchaser without having been authorized so to do by the court? In other words have the receivers the authority to act upon their own initiative, and as such receivers in their official capacity as receivers, trustees for the stockholders, sell the land to a purchaser without being authorized to do so by decree of the court. Manifestly this cannot be done.

In order for the receivers to be clothed with the authority of divesting the title of the land and investing it in the purchaser it requires the sanction of the court in two fundamental points: First, to authorize the sale, and second, to approve it. Hemingway's Code, section 411 and 417.

These two sections of the code (Hemingway's Code) prescribe certain affirmative acts in the divesting of the title of real estate by and through the authority of law in order to invest title in the purchaser.

Section 411 requires a time and place to be fixed by a decree of the court and terms, if not sold for cash. The decree may be read by all parties in interest who are inspecting the administratorship of the receivers and who are presumed to be in court looking after their interest and looking after such decree.

All of these affirmative matters are of vital importance and constitute the safe-guards placed around these persons, receivers, commissioners, etc., into whose hands is entrusted the delicate duty of selling property belonging

to other persons, the wisdom of all of which is perfectly clear. There can be no doubt as to the true intent of the statute. It is to prevent over-reaching and to insure in a reasonable measure respectable and reasonably honest sales and reasonably fair dealings not exacting too much perhaps, but to require such affirmative matters to be done as will insure good faith transactions.

In appellee's brief an argument is presented to the effect that all parties in interest should not receive notice of every act of the receivers and as we understand this argument it is intended as a justification of an unrecorded oral agreement of the chancellor, to sell the lands. This argument indulged in, is a very considerable exaggeration. If it is intended to affirm the theory that solemn judgments of the court may rest in parole, then such contention is utterly untenable. The written decree as it appears upon the minutes of the court must be relied upon by the receivers in making the report of the sale. It is a matter for their protection and it is a protection for all parties in interest. It is the unchangeable record that must bind all parties to a receivership. What an intolerable condition may arise with conflicting recollections, colored by personal interest or mixed with greed and selfishness, fraud or depravity, if matters of so great importance, as sale of real estate, should rest in parole.

The decree of the court directing the sale of land, time, place and condition of sale, is of itself notice to all parties in interest who are presumed to be attending court and who rely upon the minutes of the court for the prudent management and protection of their interest and in the exercise of their legal rights in their course of action toward the administratorship of such an estate. There is no hardship or expense incident to the strictest observation of the statute in writing out a decree authorizing the receivers to sell land.

In what respect should the selling of land by a receiver be different from the sale of land by a commissioner or the sheriff under execution. The statute fixes the method

for sales of land under judgments and decrees by the
sheriff and the court may in vacation or term time draw
a decree authorizing the sale of lands in a receivership as
it may at any time appear to the court to be proper. The
jurisdiction of the court being continuous and the court
being possessed at all times of authority to exercise the
discretion of selling any or all of the estate as it may think
best.   But as broad as may be this discretion the law has
fixed certain methods of restrictions touching the sale of
lands by the court.   There are no exceptions to this stat-
ute.   It embraces all lands sold by a decree of the court,
and certain it is that no land may be sold by a receiver
without a decree of the court so that the statute embraces
all sales of land by a decree of the court.

As we understand it the title to real estate may pass
by deed of the grantor, by death of the grantor, or by a
judgment or decree of the court.   In other words by action
of its owner, by the death of the owner, or by the author-
ity of the court.

Within this classification comes the sale by trustees,
commissioners, receivers, etc., but certainly it cannot be
said that the receiver without order of the court, and by
that is meant, such order as appears of record, is ever
vested with any title to real estate, conditional or absolute.
He has the merest agency and can only sell real estate
when clothed with the authority of a decree of the court,
and only such decree as appears upon the minutes of the
court.

*R. K. Jayne,* for appellee.

Responding to the request of the court for a brief can-
vassing the contention of appellants in cause No. 21293
that the sale was not made in accordance with section 649,
Code of 1906.   I respectfully call the attention of the court
to the fact that the word decree as there used, means a
decree adverse to the owner or owners of the property,
equivalent to a judgment and execution at common law,
as in the circuit court, and the section is not, therefor,
applicable to a sale made by a receiver under the general

authority conferred upon him by the decree appointing him, or them, with authority to dispose of the assets of the corporation to the best advantage, of course, with the advice and consent of the chancellor a decree for a sale of real estate made against the owner or owners, never points out the particular property, but instructs the officer appointed, or whose business it is to make the sale to sell the assets of the defendant or enough of it to satisfy the decree. The sale in this case, as in the other cases where these receivers have made sales, and there are several preceding this one, and as in all other similar receiverships in winding up the affairs of corporations, was made when the receivers thought they had an advantageous opportunity to dispose of one of the assets of the concern, by and with the advice of the chancellor. The only decree made in this case was not for sale, indeed the language of the decree recognizes that a virtual sale had already been made a year before the said decree, but was a decree ordering the receivers to execute the conveyance to which the vendee was entitled by way of sealing or completing the contract, which was only incomplete in that the actual deed had not passed and the decree of confirmation had not been made. Both these defects were certainly cured by the decree from which the parties appeal.

I further submit that I have answered satisfactorily the first question and, in so doing, have also answered the other three.

*Robt. B. Ricketts,* for appellee.

The first question asked by the court is: "Did these receivers have the power to sell the land in controversy to Jayne without having been authorized to do so by the court? It seems to us that this question if answered in a general way must be answered in the negative.· There seems to be an exception however, in the case of a sale made without authority and subsequently approved by the court.

On. this point we respectfully direct the attention of the court to the case of *Tobin* v. *Portland Flouring Co.,* 42 Oregon, 117. It appears that where the order of sale is actually made before the sale takes place the fact that the order was not signed until after the sale is immaterial. *H. B. Claflin Co. v. Gibson* (Ky.), 51 S. W. 439.

It will be noted that the order for the sale to Mr. Jayne was entered *nunc pro tunc* at a date considerably after the hearing before the chancellor. It further appears that where receivers sell in accordance with the oral directions of the court and at a lateer date the transaction is formally approved by the court it has been held that the sale is not open to attack. *Roberts* v. *Letchworth,* 127 Ark. 490.

The second question asked by the court is: "Should the foregoing question be answered in the negative, should not the court's order have been reduced to writing and spread on its minutes?"

Our reply to this question is that the first question; as it seems, cannot be unqualifiedly answered in the negative and that there appears to be good authority for taking the position that no matter if the authority were given orally or otherwise in an informal way or on an informal application the irregularity would be cured by such a subsequently entered order as that which appears in the resord on this appeal.

This position seems to be supported by the last sentence of section 618 of Vol. 1 of Clark on Receivers, (1918 ed.). Which contains a statement to the effect that the court may accept an offer made directly to the court or may ratify a sale already made. The record in this case shows that the offer of appellee Jayne was made directly to the chancellor at a hearing in vacation.

In answering the third and fourth questions asked by the court we find it necessary to go into some discussion of the law governing receiver's sales in general and especially into the question of the applicability to the questions in this case of sections 411 and 412 of Hemingway's

Code. We have therefore decided to reply to both questions in the following way:

It seems reasonably clear that the sales under decrees which are governed and provided for by section 411 are not intended to include sales made under the circumstances of the usual receiver's sale. In the case of a receivership the property to be sold is in the custody of the court in a way and to an extent that is different from the court's relation to property sold in any other court proceeding. It is too well settled to require citation of authority that the receiver's possession of property is the possession of the court which acts through the receiver as its arm.

The matters of notice and terms of sale are explicitly stated to be within the discretion of the court for sections 411 and 413 provide that sales shall be made at such place and on such notice as is required by the decree, and that all property may be sold on such terms and at such time and place as the court may direct.

The statutes referred to are clearly intended to cover cases in which the decree practically involves the taking of one person's property and turning the proceeds of the sale of it over to his adversary or cases in which the rights of co-tenants or of minors are involved. In no such case does the property involved come actually into the custody of the court at all, certainly it is not in the custody of the court in the way or to the extent which we find in a receivership. In a receivership, and certainly in a receivership where the propriety of the receivership and of the winding up by the court of the affairs of a corporation are admitted formally by the corporation, the position of a receiver and his relation to the property under his control are very materially different from those of a commissioner in chancery, a guardian or an administrator.

The courts recognize this difference and it has been recognized also by our legislature. Section 388 of Hemingway's Code provides: "Receivers shall be subject to the orders, instructions and decrees of the court and of the

chancellor in vacation; and they, or any party in interest, may apply therefor in term time or to the chanceellor in vacation, or for modifications of previous orders or instructions.

This is a case of the receivership of a corporation having a very large number of stockholders. To require the receivers to proceed to a sale of property by first giving notice to all the stockholdes on a petition filed by the receivers, to make the sale no matter of how small a piece of property after publication of notice and at public sale, to report the sale to the court and give again notice to every person interested as a stockholder so that he might appear and object to the confirmation of the sale, all this would, we submit in all deference to the judgment of able counsel on the other side, place an intolerable burden upon the very stockholders who would be so notified. In the case of the sale of some vacant lot or of a small tenant house the costs of the sale would nearly if not quite equal the amount of the purchase price.

It would be impossible to sell except to wealthy purchasers any of the property held by the receivers if for instance, they were required to get in addition to a deed of trust on the property sold a bond with double security for the payment of the deferred part of the purchase price.

It is respectfully submitted that the sections mentioned were never intended to apply to sales by receivers. There is, we further submit, no reason why they should govern sales by receivers and every reason for holding that they would apply to the management of receivership property restrictions which would be destructive of the interests of the very persons in whose interests the rule contained therein might be supposed to be applied.

Receivership property is held by the court. The court receives the offers of sale either directly or through the petition of the reeceiver preesented in accordance with section 388 of Hemingway's Code, and at any time. The court acts on the offer of sale directly and authorizes or forbids it by an order which it has a right to make and the receiver a right to ask for. In a case such as the present

one the whole purpose of the receivership is the preservation of the property and its rapid disposal by sale, and the distribution of the proceeds of the sales among the investing stockholders of the corporation. The receiver in such a case is not a mere stake-holder but is the person through whom the court acts in complying with the requests of the parties complainant and the corporation that the affairs of the corporation be wound up and its property distributed. The court, and the complainants and the corporation have a single purpose with reference to the property involved. The court is charged with the duty and has been given the authority to distribute property which is, practically speaking, held by the court, through the receiver, as a trustee. A trustee like a receiver has a right to get the instructions of the court and then to act on those instructions. We submit that there is not a good reason to apply the rules laid down in sections 411 and 412 of Hemingway's Code to an order directing a receiver how to proceed in disposing of the receivership property as there would be in the case of an application to the court by an ordinary trustee.

For the general laws applicable to receiver's sales we respectfully direct the attention of the court to 34 Cyc., pages 309 and 318; 22 Standard Encyclopaedia of Procedure, page 381.

The authority of the court to order a private sale of receivership property is discussed in 34 Cyc., as page 318. And it is there stated that private sales may be made. This seems to be in line with general practice and not to be prohibited even on a strict construction of sections 411 and 413 of Hemingway's Code.

An important case on the authority of the court to direct private sales of receivership property is that of *Stokes* v. *Williams,* 226 Fed., 148, 141 C. C. A. 146; in this case the court held (p. 154) that having power to order the sale of a corporation's property the courts find, by necessary implication, that they likewise have power to determine and control the terms of such sales, and authorize their

receivers to accept such offers as in the discretion of the courts are deemed advantageous to the administration of the affairs of the corporation.

This we submit is a common sense rule and is not in conflict with our own laws. To the same effect we quote 1 Clark on Receivers, section 618: "Nevertheless when the court decrees it expedient for the welfare of the parties and for the trust it may make an order to the receiver to sell at private sale, or the court may accept an offer made directly to the court, or may ratify a sale already made."

Conclusion: We respectfully submit that, as to the third and fourth points covered by the questions submitted to us by this court, receivers' sales are not within the section 411 and 412 of Hemingway's Code but that the proper rule is that set out in the authorities just above quoted. Such sales, it seems, are to be treated rather as sales by trustees, who apply to the court for its instructions as to the trust property. Besides this the fact that the property to be sold is in the custody of the court itself and committed to the court for the purpose of being sold should take the receiver's sales out of the class covered by the code sections mentioned.

SMITH, C. J. delivered the opinion of the court.

This is an appeal from a decree of the court below confirming the sale of certain real property to the appellee, Jayne, by Lewis and Ricketts, receivers of the Mississippi Building and Loan Association. The cause was presented to the court below on a petition by the receivers, praying for a confirmation of a sale by them of the land to Jayne, a written objection thereto by the appellants, a bond obligating the objectors to make the property bring at least twenty per cent. more than the price offered therefor by Jayne, together with the costs of the resale, and oral testimony.

It appears that some time prior to the filing of the petition by the receivers, asking for a confirmation of the sale, they were verbally authorized by the chancellor to accept an offer privately made to them by Jayne to purchase the property for a certain amount to be paid in several installments, and that he (Jayne) is now ready to pay the balance due by him under the agreement.

Section 506, Code of 1906 (Hemingway's Code, section 262), provides that all "orders and decrees which a chancellor may make in vacation shall be entered and recorded on the minute book of the court in which the cause or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases."

And section 649, Code of 1906 (Hemingway's Code, section 411), provides that—"Every sale of real estate ordered by a decree of any court in chancery shall be made for cash, unless otherwise ordered by the court, and at such place and on such notice as may be directed in the decree; and if direction be not given, at such place and on such notice as is required in case of sales of land under execution at law."

Neither of these statutes can be complied with by the rendition of mere oral orders and decrees, but only by such as are written and signed by the chancellor, either separately when rendered in vacation, or by the signing of the minutes of the court when rendered in term time. Consequently both of these statutes were here violated: First, because the order given the receiver was oral; and, second, because the sale contemplated by the latter is a public one at such place and on such notice as may be directed in the decree, and, if such direction be not given, then in accordance with the requirements for a sale made under an execution at law.

The appellee's contention in this connection is that sales by a receiver and the order or decree of the court or chancellor relative thereto are not embraced within the terms of these statutes. There can be no merit in this con-

tention, because the first statute embraces "all orders and decrees which a chancellor may make in vacation," and the latter "every sale of real estate ordered by a decree of any court of chancery," which language of course includes sales made by a receiver under an order or decree of a court of chancery. The statutes do not except sales made by receivers from their terms, and we cannot ingraft such an exception on them.

Several other questions are presented by the record, but it will not be necessary for us to decide them.

*Reversed and remanded.*