TOLER *v.* WELLS.

(Division A.   October 13, 1930.)

[130 So. 298.   No. 28801.]

**L. C. Hallam,** of Jackson, and **Earl Child,** of Shelby, for appellant.

**Louis C. Hallam,** of Jackson, for appellant.

**Earl Child,** of Shelby, for appellant.

Somerville & Somerville, of Cleveland, and **Howorth &
Howorth**, of Jackson, for appellee.

632

**Cook, J.,** delivered the opinion of the court.

This is an appeal by W. J. Toler, Jr., administrator of the estate of Dr. W. R. Kennedy, deceased, and by the widow and children of the deceased, from decrees of the chancery court of the Second judicial district of Bolivar county, disallowing pleas setting up certain statutes of limitation which were interposed by the said administrator and the heirs at law of the deceased, as a bar to the payment of the probated claim of the Shelby Drug Store, Inc., and fixing the amount of said claim at two thousand dollars, and ordering the administrator to pay the said sum to Mrs. Viola Wells, the holder of said claim and indebtedness.

On September 19, 1922, Dr. W. R. Kennedy, who was a practicing physician at Shelby, in Bolivar county, Mississippi, died intestate, and, on November 17, 1922, in accordance with the prayer of a petition of the widow of the deceased, W. J. Toler, Jr., was appointed, and qualified as administrator of his estate. Letters of administration were issued to the said W. J. Toler, Jr., and a warrant of appraisement was issued. The appraisers made their report, and filed it in the court below on April 23, 1923; and on June 27, 1923, the administrator made and filed his first report showing receipts and disbursements, and praying the court to authorize the disbursement to the heirs at law of the proceeds of insurance on the life of the deceased, as exempt to said heirs, and on June 28, 1923, the court entered an order approving and confirming the said report of the administrator and directing him to distribute to the heirs at law, as exempt property, the sum of five thousand dollars, the proceeds of said life insurance.

Numerous claims were probated against the estate, among which was the claim of the Shelby Drug Store, Inc., which was evidenced by two notes executed by Dr. Kennedy, the intestate, in favor of the said drug store

one for the sum of three thousand three hundred forty dollars, dated November 8, 1920, and due December 20, 1920, and the other for the sum of sixty-nine dollars and fifty-three cents, dated February 4, 1921, and due December 5, 1921. This claim was probated and allowed for four thousand forty-three dollars and fifty-seven cents, and registered the 15th day of January, 1923. To the said note for three thousand three hundred forty dollars, there were attached thirteen shares of the capital stock of the Shelby Drug Store, Inc., which had been pledged as collateral security for the payment thereof, and the Shelby Drug Store, Inc., was shown to have been indebted to Dr. Kennedy in the sum of one hundred sixteen dollars. Thereafter on the 17th day of June, 1924, T. G. Wells, for the Shelby Drug Store, Inc., and W. J. Toler, Jr., administrator of the estate of Dr. Kennedy, tentatively agreed, in writing, that, in consideration of the cancellation of the said indebtedness of one hundred sixteen dollars, and the transfer and assignment by the administrator to the said Wells of the said thirteen shares of capital stock of the Shelby Drug Store, Inc., owned by Dr. Kennedy at the time of his death, the amount of the probated claim of the said Shelby Drug Store, Inc., against the Kennedy estate should be reduced to two thousand dollars. This written agreement provided, among other things not here material, that: "The Party of the 1st part is the owner of twenty-seven shares of stock in the Shelby Drug Store and the estate of the W. R. Kennedy is the owner of thirteen shares of stock in the Shelby Drug Store, and that both parties believe that it is for the mutual interest of both parties that the partnership should be dissolved, it is hereby agreed by both parties that they are willing to settle the partnership on the following basis: The Shelby Drug Store holds a probated claim against the estate of W. R. Kennedy in the sum of approximately four thousand dollars which is secured by the thirteen shares

of stock, herein named, and the Shelby Drug Store is indebted to the estate of W. R. Kennedy in the sum of one hundred sixteen dollars T. G. Wells offers to the said W. J. Toler, Jr., Administrator, the following that he will allow the estate all of the probated claim in excess of two thousand dollars, and is to have in addition the administrator credit his claim against the drug store as paid in full; and the said W. J. Toler, is to transfer and assign the said stock to T. G. Wells, in said consideration.''

On March 7, 1927, the administrator filed his second report of his administration of the estate, wherein, among other things, it was alleged that the estate was insolvent, and prayed that it be declared insolvent, and on the same day an order was entered setting the report and petition of the administrator for hearing in vacation on March 10, 1927, but no hearing was had at that time. On June 21, 1927, H. H. Lamensdorf and Mrs. F. C. McDonald, purporting to be creditors of said estate, filed exceptions to the report of the administrator dated June 27, 1923; and on June 27, 1927, the administrator filed his answer to these exceptions, and on the same day filed a plea of the statute of limitation to these two claims. On June 29, 1927, an order was entered in the court below taking under advisement for decree in vacation the reports and account of the administrator and exceptions thereto, but no hearing was had in vacation, and no further order or decree was entered in the matter until March 1, 1928, at which time a decree was entered approving the reports of the administrator, dismissing the exceptions of Lamensdorf and Mrs. McDonald, and declaring the estate insolvent. In this decree, the administrator was ordered to give notice to all creditors, to refile their claims with the clerk of the court by ''May 1, 1928 for allowance and hearing,'' while the clerk of the court was directed to issue citation ''to all the heirs of the estate of W. R. Kennedy, deceased, directing them to appear at April

Rules Day and show cause, if any, why the estate should not be declared insolvent and wound up."

No notice was published to creditors to refile their claims by May 1, 1927, as required by the above-mentioned order of the court, but on the 9th day of April, 1927, the administrator gave notice to creditors that the estate had been declared insolvent, and calling upon all persons having claims against the estate to file the same with the clerk of the court "by the first Monday in June, 1928." This notice contained no recitation that the claims would be "taken up for examination and adjudication" at the time fixed in the notice, nor was it stated therein that "all creditors may attend," as required by section 2117, Code 1906, section 1861, Hemingway's Code 1927. On June 29, 1928, an order was entered by the court taking all the matters under advisement for decree in vacation at Clarksdale, Mississippi, on July 3, 1928, but no hearing seems to have been held at that time and place.

The appellee, Mrs. Viola Wells, claiming to be the owner of the probated account of the Shelby Drug Store, Inc., against the estate, caused the said probated claim to be refiled with the clerk of the chancery court on May 15, 1928, and to this probated claim the administrator interposed a plea of the statutes of limitation in which he alleged that the notes which were the basis of the claim were barred by the general six-year statute of limitation, and particularly by the four-year statute of limitation (section 3105, Code 1906, section 2643, Hemingway's Code 1927), which provides that: "An action or scire-facias may not be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate, but within four years after the qualification of such executor or administrator."

No citation was issued to the heirs at law in the insolvency proceeding, but on February 10, 1930, they voluntarily appeared and filed a petition in the nature of

a contest of the probated claim of the Shelby Drug Store, Inc., in which they pleaded the statutes of limitations. On February 14, 1930, the appellee filed a petition which is in the nature of a replication to the pleas setting up the statutes of limitation, and also a special replication to such pleas, in which, as a written acknowledgment and renewal of said claim and indebtedness, she set forth the written contract hereinbefore referred to, and also a report of the administrator to the court in which the proposed settlement and compromise was detailed, and in which it was alleged that the administrator entered into such agreement and compromise at the instance and direction of the chancellor. She also charged that she had relied upon the said written and oral statements and agreements of the administrator, and the approval thereof by the chancellor, and therefore took no action prior to the time, the bar of the four-year statute of limitation became complete on May 17, 1927, and, that, consequently, the administrator and all other persons were estopped to plead and rely upon the said statute. By the special replication, it was alleged that no suit could be brought against the administrator on any claim against the decedent after the entry of the decree of March 1, 1928, declaring the estate insolvent, and, consequently, the running of the statute of limitation was thereby suspended.

The cause was heard in the court below on the issues thus joined between the appellants and the appellee, and on the 19th day of February, 1930, a decree was entered allowing the claim of the Shelby Drug Store, Inc., in favor of the appellee, Mrs. Viola G. Wells, in the sum of two thousand dollars, and directing the administrator to pay the sum to her; and on February 24, 1930, a supplemental decree was entered specifically overruling the contest of the claim which had been filed by the heirs of Dr. Kennedy, and allowing an appeal from both decrees.

The first, and, in our opinion, the decisive, point relied upon by the appellants is the contention that the claim is barred by the four-year statute of limitation, hereinbefore quoted in full, section 3105, Code 1906, section 2643, Hemingway's Code 1927. This section and section 2096a, Code 1906, section 1840, Hemingway's Code 1927, prohibiting the filing of a suit against the executor or administrator until after the expiration of six months from his appointment, have been, by this court, construed together as giving four years and six months within which an executor or administrator can be sued. It will be noted that the probated notes forming the basis of the claim of the Shelby Drug Store, Inc., matured before the death of Dr. Kennedy. The administrator of the estate was appointed, and letters of administration were issued on November 17, 1922; and, consequently, the statutory period of four years and six months within which an action might be brought against an administrator to enforce payment of the claim expired on May 17, 1927. No action of any nature was taken in the administration proceedings or otherwise to enforce payment of the claim prior to May 17, 1927, and, consequently, the claim was barred, unless it was taken out of the operation of the statute of limitation by certain alleged promises of payment made by the administrator before the bar of the statute became complete.

To avoid the effect of the statute, the appellee relies upon the written agreement executed by and between the administrator and T. G. Wells, hereinbefore quoted, and the alleged oral approval thereof by the chancellor, and the report of the administrator to the court, which is dated March 7, 1927, in which the terms of the said agreement are set forth. In the pleadings filed by the appellee, and in the brief of counsel, it is expressly admitted that an acknowledgment or admission by an executor or administrator will not bind the real assets in the hands of

the heirs, and that, if she were proceeding against the heirs to enforce payment of this claim out of real estate which belonged to the deceased, the plea of the heirs would bar any recovery. The appellee also admits that, if the bar of the statute of limitation had been complete before the death of the intestate, or if it had become complete after his death before anything was done, or promise made by the administrator, then no act or promise by the administrator would revive the debt. She contends, however, that the aforesaid written acknowledgment and promises of the administrator avoided the effect of the four-year statute of limitation, and renewed the debt against the estate as to the personalty.

In the discussion of this question, much is said of the alleged fact that the settlement in compromise of the claim and the acknowledgment of the same were made under the direction and with the approval of the chancellor. This record does not show any decree of the court below authorizing or approving the proposed settlement or compromise, and it is not contended that any such approval is evidenced by any order on the minutes of the court. The court can only speak through its minutes, and no oral authorization or approval of the acts and promises of the administrator could add anything to the force or effect thereof. Howard v. Jayne, 124 Miss. 65, 86 So. 752; Oliver v. Miles, 144 Miss. 852, 110 So. 666, 50 A. L. R. 357.

It is contended by the appellants that neither the language employed by the administrator in the contract, nor that used by him in his report to the court, constituted a promise to pay this claim to the amount of two thousand dollars, or an acknowledgment of the correctness of the claim to that extent. For the purpose of this decision, however, we will treat these writings as constituting such an acknowledgment. The effect of a promise or acknowledgment by an administrator was fully discussed in the case of Henderson v. Ilsley, 11 Smedes & M. 9, 49 Am.

Dec. 41; and the court, after reviewing the authorities holding that an administrator cannot bind an estate by acknowledging the justice of the debt, or by a promise to pay it, said: "These cases seem to accord with principle, and are deemed conclusive. An executor or administrator can only discharge existing legal obligations against the estate. He is the trustee or agent appointed by law, for the benefit and protection of creditors and distributees, who stand upon their strict legal rights, which cannot be prejudiced by the voluntary and unauthorized acts of the administrator. His duty is prescribed by law, and that is the limit of his power. The law determines the extent of the estate's liability, and he cannot enlarge it. He can make no contract, except such as may be necessary in the course of his administration. . . . In regard to claims barred at the time of the death of the original debtor, we can have no hesitancy in holding, both on reason and authority, that they are not revived by the subsequent promise of the executor or administrator, assuming that nothing more than ordinary powers are conferred by the will, in the case of an executor. Is the same rule to prevail where the bar was not complete, or where the statute had not commenced running at the death of the debtor? There may seem to be some reason for a distinction. It cannot be made, however, without putting a new clog on a statute, the utility of which has been greatly lessened, and litigation thereby increased, by engrafting on it, by construction, an exception which is at war with its letter as well as its spirit. The safest rule seems to be to hold, that no promise by an executor or administrator will take a case out of the statute."

In the cases of Glenn v. Thistle, 23 Miss. 42; Sanders v. Robertson, 23 Miss. 389; and Huntington v. Bobbitt, 46 Miss. 528, the doctrine announced in Henderson v. Ilsley, supra, is reaffirmed, the court, in the case of Huntington v. Bobbitt, saying that: "It seems to be well

settled by adjudications in this state and elsewhere, that where the bar of the statute of limitations is complete the bar will not be removed and the debt revived against the estate of his intestate, by an express promise by the administrator to pay it. (Citing authorities.) The only question presented by this case for solution is, does the same doctrine apply where the bar is not complete at the death of the intestate? The distinction between these cases cannot be made without putting a new clog on a statute, the utility of which has been greatly lessened and litigation increased by engrafting on it, by construction, an exception which is at war with its letter and spirit. The safest rule seems to be to hold that no promise by an administrator shall take a case out of the statute of limitations."

The appellee contends, however, that, since the claim involved in several of the cases cited above was secured by liens on real estate, and involved the subjection of real property to the payment of the debt, they are not here applicable; and it is contended that, by the broad language of the court in Henderson v. Ilsley, it was not intended to "hold that no promise by an administrator will take a case out of the statute and renew the debt as to personal property of the estate." We do not think the latter contention is sound. In Henderson v. Ilsley, Judge SHARKEY, in discussing the case of Mooers v. White, 6 Johns. Ch. (N. Y.) 360, after stating that it holds that the promise of an executor will not avoid the statute as against the real estate in the hands of the heir, said: "And yet if an executor or administrator can revive a barred debt, he thereby binds both personal and real estate, for both are liable for the satisfaction of judgments against the estate. Chancellor KENT only considered the effect of such a promise, in its application to the case before him; but his reasoning will hold as well as in regard to personalty as realty. Creditors and heirs

are entitled to both; and both are reached through the executor or administrator.''

In the insolvency proceeding in the case at bar, the creditors were required to present anew their several demands, and have their claims adjudicated by the court, and this the appellee did; and in the case of Rogers v. Rosenstock, 117 Miss. 144, 77 So. 958, 960, it was held that section 3105, Code 1906, section 2643, Hemingway's Code 1927, may ''be invoked in a proceeding before the chancellor when he finally adjudicates the claims of each creditor of an estate which has been duly declared insolvent, especially in view of our statute which declares that when the remedy is barred the right also is barred.''

The appellee, however, contends that, under the facts shown by her pleadings, and the proof offered in support thereof, the appellants were estopped to plead the statute of limitation. There can be no merit in this contention. If an executor or administrator cannot make an acknowledgment or promise which will waive or toll the statute of limitation and bind the estate, such an acknowledgment and promise, if made, cannot be the basis of estoppel to plead such statute. To hold that an administrator is estopped to plead the statute of limitation because of such a promise or acknowledgment, would permit by indirection what we have held cannot be done directly. We have already herein shown that this record does not show, in the only way it could be shown, that is, by an order or decree in the minutes, any authorization or approval by the court below of the acknowledgment and promise made by the administrator; and, therefore, we are not called upon to express any opinion as to what would have been the effect, if any, of such an acknowledgment and approval. The decrees of the court below will, therefore, be reversed, and decree will be entered here for the appellants.

Reversed, and decree for the appellants. ·